IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN JONES | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | 07-cv-3346 |
| v. | : | |
| | : | |
| JOSEPH J. PIAZZA, et al., | : | |
| | : | |
| Respondents. | | |

**EXPLANATION AND ORDER**

Bryan Jones ("Jones") petitions this Court for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred the petition to Magistrate Linda K. Caracappa for a Report and Recommendation ("R&R"). Judge Caracappa recommends that I deny the petition. Jones filed objections to the R&R, asserting that Judge Caracappa erroneously concluded that Jones' § 2254 petition was time-barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. Jones asserts that his petition is not time-barred because valid circumstances exist to equitably toll the statute of limitations.

Persons in state custody have a one-year period of limitation on applications for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This AEDPA statute of limitations begins to run when a direct review of the judgment of the state courts is completed, unless a statutory exception applies. *Id*. The one-year statute of limitations for filing a § 2254 petition in federal court is tolled while a properly filed application for post-conviction review is pending in state court. *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). A state court's determination that a

Post-Conviction Relief Act (PCRA) petition was filed untimely means that the PCRA petition was not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). In other words, the one-year statute of limitations for a § 2254 petition is not tolled for a PCRA petition rejected by a state court as untimely.

The chronology of events leading to Jones' filing of this petition for writ of habeas corpus pursuant to § 2254 is:

| Date | Event |
|---|---|
| February 4, 1999 | Jones was convicted of rape, statutory rape, aggravated indecent assault, involuntary deviate sexual intercourse, and endangering the welfare of a child |
| April 5, 1999 | Jones was sentenced to a term of seven and one half years to fifteen years imprisonment with a consecutive five years probation. |
| December 28, 1999 | Jones' post sentence motions were denied. Jones failed to file a timely appeal. |
| October 23, 2000 | Jones filed his first PCRA petition seeking reinstatement of his direct appellate rights *nunc pro tunc*. |
| December 18, 2000 | The court granted Jones' first PCRA and reinstated his direct appellate rights *nunc pro tunc*. |
| January 8, 2001 | Jones filed a timely direct appeal. |
| August 27, 2001 | The Superior Court denied Jones' direct appeal. |
| September 26, 2001 | Jones' failed to seek allocatur in the Pennsylvania Supreme Court within thirty days from entry of the Superior Court order and direct review ceased. |
| *The AEDPA statute of limitations began to run. From September 26, 2001 until November 7, 2001 is chargeable to the AEDPA's one-year statute of limitations.* ||
| November 7, 2001 | Jones filed a timely second PCRA petition that tolled the statute of limitations. |
| April 5, 2004 | Jones withdrew a third PCRA petition that was mistakenly filed. |
| September 14, 2004 | The Pennsylvania Supreme Court denied Jones' second PCRA petition. |

| | |
|---|---|
| *The AEDPA statute of limitations began to run. From September 14, 2004 until August 13, 2007 when Jones filed his petition for writ of habeas corpus is chargeable to the AEDPA's one-year statute of limitations.* | |
| October 22, 2004 | Jones filed a fourth PCRA petition. |
| November 21, 2006 | The Superior Court held that Jones' fourth PCRA petition was untimely. |
| *Jones' fourth PCRA petition did not toll the statute of limitations because it was untimely.* | |
| August 13, 2007 | Jones filed a petition for writ of habeas corpus. |
| *Jones' habeas petition was filed more than two years after the one-year statute of limitations had expired.* | |

Because Jones did not file his habeas corpus petition within the AEDPA's one-year statute of limitations, his petition is time-barred unless he can establish that his petition is subject to equitable tolling. According to the Third Circuit, "equitable tolling is proper only when the 'principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (quoting *Shendock v. Dir., Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990) (internal punctuation omitted). In order to establish equitable tolling, "[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing the claims.'" *Id*. at 618-19 (quoting *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997) (internal punctuation omitted). The Third Circuit has set forth three circumstances in which equitable tolling may be appropriate: (1) if the defendant actively misled the petitioner; (2) if the petitioner was prevented in an extraordinary way from asserting his rights; or (3) if the petitioner timely asserted his rights in the wrong forum. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). "In non-capital cases, attorney error, miscalculation, inadequate research, or other

mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In particular, "a misunderstanding of the exhaustion requirement is insufficient to excuse . . . failure to comply with the statute of limitations." *Jones*, 195 F.3d at 160.  Even an "[a]ttorney miscalculation [of the limitations period] is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). The miscalculations made by state appointed attorneys also do not warrant equitable tolling even though these attorneys are supervised by the state because "a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay." *Id*.

Jones argues that the AEDPA's statute of limitations should be equitably tolled because of extraordinary circumstances.  Jones asserts that this Court should equitably toll the statute of limitations because of "the constant 'interference and inordinate delays' caused by not only the lower court in it's actions, but the interactions caused by all court appointed attorneys representing the petitioner . . . ." (Jones' Objections to R&R, p. 13 (Doc. #13)).  Jones asserts that equitable tolling applies because the lower courts made several incorrect decisions, including ruling that his fourth PCRA petition was untimely, and his court appointed counsel calculated the statute of limitations improperly and did not argue his case adequately.  Additionally, Jones contends that the statute of limitations should be equitably tolled because he did not realize that the statute of limitations had expired when he filed his habeas corpus petition.

Jones has neither demonstrated that he exercised reasonable diligence in bringing forth his claims nor has he established that extraordinary circumstances exist to justify equitable

tolling. Jones' displeasure with lower court rulings and his general displeasure with his appointed counsel do not provide adequate grounds for equitable tolling. As held in *Lawrence*, equitable tolling is inapplicable to Jones' argument that he and his attorneys miscalculated the statute of limitations period. Because Jones has failed to present any valid arguments for equitable tolling, I dismiss his habeas corpus petition as time-barred.

## **ORDER**

    **AND NOW**, this __22nd___ day of July, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of the United States Magistrate Judge Linda K. Caracappa, it is **ORDERED** that:

- The Report and Recommendation is **APPROVED** and **ADOPTED**.
- The Petition for Writ of Habeas Corpus is **DENIED** with prejudice.
- A certificate of appealability should not issue because Petitioner has failed to show that a reasonable jurist could conclude that the Court is incorrect in dismissing the petition as time-barred.
- The Clerk of Court shall mark this case closed for statistical purposes.

                                                                                                                                                            s/Anita B. Brody
                                                          _____
                                                          ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to: